IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL GRAVES, | § | |
| | § | |
| Defendant Below, | § | No. 437, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2107007973 (N) |
| | § | |
| Appellee. | § | |

Submitted: January 10, 2024
Decided:   February 14, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On November 27, 2023, the appellant, Michael Graves, filed a notice of appeal from a September 22, 2023 Superior Court order sentencing him after he pleaded guilty to first-degree robbery, possession of a firearm during the commission of a felony, and second-degree unlawful imprisonment.  Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed by October 23, 2023.[1]

---

[1] Because the last day of the thirty-day appeal period fell on a Sunday, the time to appeal extended until Monday, October 23rd.  Supr. Ct. R. 11(a).

(2)     The Senior Court Clerk issued a notice directing Graves to show cause why this appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Graves argues that his appointed counsel ("Counsel") did not advise him of his appeal rights, including the thirty-day appeal deadline, and that he unsuccessfully attempted to contact Counsel.

(3)     At the Court's request, Counsel responded to Graves's response to the notice to show cause.  Counsel states that he did not advise Graves that he could appeal or that he had to do so within thirty days because Graves was advised in accordance with the Truth-in-Sentencing Guilty Plea Form that by pleading guilty he was waiving certain rights, including the right to appeal.  The Truth-in-Sentencing Guilty Plea Form reflects that the box next to the question "Do you understand that because you are pleading guilty you will not have a trial, and therefore you waive (give up) your constitutional rights…to appeal, if convicted, to the Delaware Supreme Court with the assistance of a lawyer?" is marked "Yes."[2]

(4)     The State was asked to respond to the position of Counsel.  The State recognizes that Graves has failed to show his untimely appeal is attributable to court-related personnel,[3] but notes that in similar circumstances the Court has remanded for resentencing so that the defendant may file a timely appeal and suggests that the

---

[2] Exhibit A to Counsel's January 3, 2024 Letter to the Court.
[3] Defense counsel is not court-related personnel.  *Young v. State*, 2018 WL 6118713, at *1 (Del. Nov. 20, 2018).

Court do so here.[4]  We agree with the State that the proper course of action is to remand this matter to the Superior Court with directions to resentence Graves so that he has the opportunity to file a timely appeal.

NOW, THEREFORE, IT IS ORDERED, that this matter is REMANDED to the Superior Court for further action in accordance with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[4] *See, e.g., Amaro v. State*, 2013 WL 1087644, at *1 (Del. Mar. 13, 2013) (remanding for resentencing as suggested by the State where it was unclear if the defendant had instructed his counsel to file an appeal after he pleaded guilty); *Proctor v. State*, 2001 WL 823745, at *1 (Del. July 18, 2001) (remanding for the Superior Court to consider resentencing defendant who pleaded guilty so he could file timely appeal).